1    Janet H. Kwuon (State Bar No. 143807)
     David E. Stanley (State Bar No. 144025)
2    REED SMITH LLP
     355 South Grand Avenue, Suite 2900
3    Los Angeles, CA  90071
     Telephone:    (213) 457-8000
4    Facsimile:    (213) 457-8080
     Email:  jkwuon@reedsmith.com
5    Email:  dstanley@reedsmith.com

6    Attorneys for Defendant
     Eli Lilly and Company, a Corporation

7

8                    UNITED STATES DISTRICT COURT

9             FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11   DIANNA ALLEN, MARY FISHER,              Case No. 3:10-CV00141-L-CAB
     LINDA WILSON, LOUIS LEBRON,
12   TRICIA SISINNI, JERRY ZABEL,            **ANSWER, AFFIRMATIVE DEFENSES AND
     DAVID PETRONELLA, KATHERINE             JURY DEMAND OF DEFENDANT ELI
13   TAYLOR, DON CLEMMER, KIM LEE-           LILLY AND COMPANY**
     YARBOROUGH, HENRY CANNON and
14   ROBERT FRICKE,                          The Honorable James M. Lorenz

15                   Plaintiffs,

16        vs.

17   ELI LILLY AND COMPANY; AMYLIN
     PHARMACEUTICALS, INC.;
18   McKESSON CORPORATION; and
     DOES 1 through 15,
19
                     Defendants.
20

21

22        Defendant Eli Lilly and Company ("Lilly"), by and through its attorneys, hereby

23   answers the Complaint ("Plaintiffs' Complaint") filed by Dianna Allen, Mary Fisher, Linda

24   Wilson, Louis Lebron, Tricia Sisinni, Jerry Zabel, David Petronella, Katherine Taylor, Don

25   Clemmer, Kim Lee-Yarborough, Henry Cannon and Robert Fricke ("Plaintiffs") as follows:

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**PARTIES**

1.     Lilly lacks knowledge or information sufficient to form a belief as to Dianna Allen's residency.  Lilly denies the remaining allegations of Paragraph 1 of Plaintiffs' Complaint.

2.     Lilly lacks knowledge or information sufficient to form a belief as to Mary Fisher's residency.  Lilly denies the remaining allegations of Paragraph 2 of Plaintiffs' Complaint.

3.     Lilly lacks knowledge or information sufficient to form a belief as to Linda Wilson's residency.  Lilly denies the remaining allegations of Paragraph 3 of Plaintiffs' Complaint.

4.     Lilly lacks knowledge or information sufficient to form a belief as to Louis Lebron's residency.  Lilly denies the remaining allegations of Paragraph 4 of Plaintiffs' Complaint.

5.     Lilly lacks knowledge or information sufficient to form a belief as to Tricia Sissini's residency.  Lilly denies the remaining allegations of Paragraph 5 of Plaintiffs' Complaint.

6.     Lilly lacks knowledge or information sufficient to form a belief as to Jerry Zabel's residency.  Lilly denies the remaining allegations of Paragraph 6 of Plaintiffs' Complaint.

7.     Lilly lacks knowledge or information sufficient to form a belief as to David Petronella's residency.  Lilly denies the remaining allegations of Paragraph 7 of Plaintiffs' Complaint.

US_ACTIVE-103044540.3

Answer, Affirmative Defenses And Jury Demand Of Defendant Eli Lilly And Company

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1        8.     Lilly lacks knowledge or information sufficient to form a belief as to Katherine

2  Taylor's residency.  Lilly denies the remaining allegations of Paragraph 8 of Plaintiffs'

3  Complaint.

4

5        9.     Lilly lacks knowledge or information sufficient to form a belief as to Don

6  Clemmer's residency.  Lilly denies the remaining allegations of Paragraph 9 of Plaintiffs'

7  Complaint.

8

9       10.    Lilly lacks knowledge or information sufficient to form a belief as to Kim Lee-

10  Yarborough's residency.  Lilly denies the remaining allegations of Paragraph 10 of Plaintiffs'

11  Complaint.

12

13       11.    Lilly lacks knowledge or information sufficient to form a belief as to Henry

14  Cannon's residency.  Lilly denies the remaining allegations of Paragraph 11 of Plaintiffs'

15  Complaint.

16

17       12.    Lilly lacks knowledge or information sufficient to form a belief as to Robert

18  Fricke's residency.  Lilly denies the remaining allegations of Paragraph 12 of Plaintiffs'

19  Complaint.

20

21       13.    Lilly admits that it is an Indiana corporation with its principal office in the State of

22  Indiana.

23

24       14.    Lilly admits that Lilly and Amylin Pharmaceuticals, Inc. ("Amylin") manufactured

25  and marketed Byetta® in the United States, including California.  Lilly denies the remaining

26  allegations of Paragraph 14 of Plaintiffs' Complaint.

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- 3 -

US_ACTIVE-103044540.3

Answer, Affirmative Defenses And Jury Demand Of Defendant Eli Lilly And Company

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

15.     Lilly admits that Lilly and Amylin manufactured and marketed Byetta® in the United States, including California. Lilly denies the remaining allegations of Paragraph 15 of Plaintiffs' Complaint.

16.     Lilly admits that Lilly and Amylin manufactured and marketed Byetta® in the United States, including California. Lilly denies the remaining allegations of Paragraph 16 of Plaintiffs' Complaint.

17.     Lilly admits that Amylin Pharmaceuticals, Inc. is a Delaware Corporation with its principal office in the State of California.

18.     Lilly admits that Lilly and Amylin manufactured and marketed Byetta® in the United States, including California. Lilly denies the remaining allegations of Paragraph 18 of Plaintiffs' Complaint.

19.     Lilly admits that Lilly and Amylin manufactured and marketed Byetta® in the United States, including California. Lilly denies the remaining allegations of Paragraph 19 of Plaintiffs' Complaint.

20.     Lilly admits that Lilly and Amylin manufactured and marketed Byetta® in the United States, including California. Lilly denies the remaining allegations of Paragraph 20 of Plaintiffs' Complaint.

21.     Lilly lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of Plaintiffs' Complaint, and on that basis, denies the allegations.

- 4 -

US_ACTIVE-103044540.3

22. Lilly lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of Plaintiffs' Complaint, and on that basis, denies the allegations.

23. Lilly lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of Plaintiffs' Complaint, and on that basis, denies the allegations.

24. Lilly lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of Plaintiffs' Complaint, and on that basis, denies the allegations.

25. The allegations in Paragraph 25 are a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a responsive pleading is required, Lilly denies each and every allegation contained in Paragraph 25 of Plaintiffs' Complaint.

26. The allegations in Paragraph 26 are a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a responsive pleading is required, Lilly denies each and every allegation contained in Paragraph 26 of Plaintiffs' Complaint.

## FACTS

27. Lilly lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of Plaintiffs' Complaint, and on that basis, denies the allegations.

28. Lilly lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of Plaintiffs' Complaint, and on that basis, denies the allegations.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

US_ACTIVE-103044540.3

Answer, Affirmative Defenses And Jury Demand Of Defendant Eli Lilly And Company

1    29.    Lilly lacks knowledge or information sufficient to form a belief as to the truth of

2  the allegations of Paragraph 29 of Plaintiffs' Complaint, and on that basis, denies the allegations.

3

4    30.    Lilly lacks knowledge or information sufficient to form a belief as to the truth of

5  the allegations of Paragraph 30 of Plaintiffs' Complaint, and on that basis, denies the allegations.

6

7    31.    Lilly lacks knowledge or information sufficient to form a belief as to the truth of

8  the allegations of Paragraph 31 of Plaintiffs' Complaint, and on that basis, denies the allegations.

9

10    32.    Lilly lacks knowledge or information sufficient to form a belief as to the truth of

11  the allegations of Paragraph 32 of Plaintiffs' Complaint, and on that basis, denies the allegations.

12

13    33.    Lilly lacks knowledge or information sufficient to form a belief as to the truth of

14  the allegations of Paragraph 33 of Plaintiffs' Complaint, and on that basis, denies the allegations.

15

16    34.    Lilly lacks knowledge or information sufficient to form a belief as to the truth of

17  the allegations of Paragraph 34 of Plaintiffs' Complaint, and on that basis, denies the allegations.

18

19    35.    Lilly lacks knowledge or information sufficient to form a belief as to the truth of

20  the allegations of Paragraph 35 of Plaintiffs' Complaint, and on that basis, denies the allegations.

21

22    36.    Lilly lacks knowledge or information sufficient to form a belief as to the truth of

23  the allegations of Paragraph 36 of Plaintiffs' Complaint, and on that basis, denies the allegations.

24

25    37.    Lilly lacks knowledge or information sufficient to form a belief as to the truth of

26  the allegations of Paragraph 37 of Plaintiffs' Complaint, and on that basis, denies the allegations.

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

US_ACTIVE-103044540.3

Answer, Affirmative Defenses And Jury Demand Of Defendant Eli Lilly And Company

1    38.    Lilly lacks knowledge or information sufficient to form a belief as to the truth of

2    the allegations of Paragraph 38 of Plaintiffs' Complaint, and on that basis, denies the allegations.

3

4    39.    Admitted.

5

6    40.    Admitted.

7

8    41.    Lilly admits that, in October 2007, the FDA issued an alert to healthcare

9    professionals regarding Byetta®. The content of that FDA alert speaks for itself. Lilly denies

10   each and every remaining allegation contained in Paragraph 41 of Plaintiffs' Complaint.

11

12   42.    Lilly admits that, on August 18, 2008, the FDA issued an alert to healthcare

13   professionals regarding Byetta®. The content of that FDA alert speaks for itself. On that ground,

14   Lilly denies each and every allegation in Paragraph 42 that attempts to characterize the FDA alert.

15

16   43.    Lilly is without knowledge or information sufficient to form a belief as to the truth

17   or falsity of unidentified reports of alleged adverse events supposedly related to Byetta, and

18   therefore denies the allegations contained in Paragraph 43 of the Complaint.

19

20   44.    Lilly denies each and every allegation contained in Paragraph 44 of Plaintiffs'

21   Complaint.

22

23   45.    Lilly denies each and every allegation contained in Paragraph 45 of Plaintiffs'

24   Complaint.

25

26   46.    Lilly denies each and every allegation contained in Paragraph 46 of Plaintiffs'

27   Complaint.

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

US_ACTIVE-103044540.3

Answer, Affirmative Defenses And Jury Demand Of Defendant Eli Lilly And Company

47.     Lilly denies each and every allegation contained in Paragraph 47 of Plaintiffs' Complaint.

48.     Lilly denies each and every allegation contained in Paragraph 48 of Plaintiffs' Complaint.

49.     Lilly denies each and every allegation contained in Paragraph 49 of Plaintiffs' Complaint.

50.     Lilly denies each and every allegation contained in Paragraph 50 of Plaintiffs' Complaint.

51.     Lilly denies each and every allegation contained in Paragraph 51 of Plaintiffs' Complaint.

52.     Lilly denies each and every allegation contained in Paragraph 52 of Plaintiffs' Complaint.

**DISCOVERY RULE AND FRAUDULENT CONCEALMENT**

53.     Lilly denies each and every allegation contained in Paragraph 53 of Plaintiffs' Complaint.

54.     Lilly denies each and every allegation contained in Paragraph 54 of Plaintiffs' Complaint.

- 8 -

US_ACTIVE-103044540.3

Answer, Affirmative Defenses And Jury Demand Of Defendant Eli Lilly And Company

**FIRST CAUSE OF ACTION**

55.     With respect to the allegations contained in Paragraph 55 of Plaintiffs' Complaint, Lilly repeats and realleges each and every admission, denial, averment and statement in Paragraphs 1 through 54 of this Answer with the same force and effect as though set forth here in full.

56.     Lilly denies each and every allegation contained in Paragraph 56 of Plaintiffs' Complaint.

57.     Lilly denies each and every allegation contained in Paragraph 57 of Plaintiffs' Complaint.

Lilly denies that Plaintiffs are entitled to recover any relief requested in Plaintiffs' Prayer, or any relief whatsoever.

**SECOND CAUSE OF ACTION**

58.     With respect to the allegations contained in Paragraph 58 of Plaintiffs' Complaint, Lilly repeats and realleges each and every admission, denial, averment and statement in Paragraphs 1 through 57 of this Answer with the same force and effect as though set forth here in full.

59.     Lilly denies each and every allegation contained in Paragraph 59 of Plaintiffs' Complaint.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

US_ACTIVE-103044540.3

Answer, Affirmative Defenses And Jury Demand Of Defendant Eli Lilly And Company

1    60.    Lilly denies each and every allegation contained in Paragraph 60 of Plaintiffs'

2    Complaint.

3

4    61.    Lilly denies each and every allegation contained in Paragraph 61 of Plaintiffs'

5    Complaint.

6

7    62.    Lilly denies each and every allegation contained in Paragraph 62 of Plaintiffs'

8    Complaint.

9

10    63.    Lilly denies each and every allegation contained in Paragraph 63 of Plaintiffs'

11    Complaint.

12

13    64.    Lilly denies each and every allegation contained in Paragraph 64 of Plaintiffs'

14    Complaint.

15

16    65.    Lilly denies each and every allegation contained in Paragraph 65 of Plaintiffs'

17    Complaint.

18

19    Lilly denies that Plaintiffs are entitled to recover any relief requested in Plaintiffs' Prayer,

20    or any relief whatsoever.

21

22    **THIRD CAUSE OF ACTION**

23

24    66.    With respect to the allegations contained in Paragraph 66 of Plaintiffs' Complaint,

25    Lilly repeats and realleges each and every admission, denial, averment and statement in

26    Paragraphs 1 through 65 of this Answer with the same force and effect as though set forth here in

27    full.

28

US_ACTIVE-103044540.3

Answer, Affirmative Defenses And Jury Demand Of Defendant Eli Lilly And Company

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

67.     Lilly admits that Byetta® is safe and effective when used in accordance with its FDA-approved labeling.  Lilly denies each and every remaining allegation contained in Paragraph 67 of Plaintiffs' Complaint.

68.     Lilly denies each and every allegation contained in Paragraph 68 of Plaintiffs' Complaint.

69.     Lilly denies each and every allegation contained in Paragraph 69 of Plaintiffs' Complaint.

70.     Lilly admits that Byetta® is safe and effective when used in accordance with its FDA-approved labeling.  Lilly denies each and every remaining allegation contained in Paragraph 70 of Plaintiffs' Complaint.

71.     Lilly admits that Byetta® is safe and effective when used in accordance with its FDA-approved labeling.  Lilly denies each and every remaining allegation contained in Paragraph 71 of Plaintiffs' Complaint.

72.     Lilly denies each and every allegation contained in Paragraph 72 of Plaintiffs' Complaint.

73.     Lilly denies the allegations contained in Paragraph 73 of the Complaint, except admits that:  (a) Byetta® is safe and effective when used in accordance with its FDA-approved labeling; and (b) after receiving FDA approval to market Byetta®, Lilly has marketed Byetta® to physicians in accordance with applicable laws and regulations, with adequate communication of the known risks, and with adequate warnings commensurate with the risk and gravity of the possible side effects from its use.

- 11 -

US_ACTIVE-103044540.3

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

74. Lilly denies each and every allegation contained in Paragraph 74 of Plaintiffs' Complaint.

75. Lilly denies each and every allegation contained in Paragraph 75 of Plaintiffs' Complaint.

76. Lilly denies each and every allegation contained in Paragraph 76 of Plaintiffs' Complaint.

Lilly denies that Plaintiffs are entitled to recover any relief requested in Plaintiffs' Prayer, or any relief whatsoever.

**FOURTH CAUSE OF ACTION**

77. With respect to the allegations contained in Paragraph 77 of Plaintiffs' Complaint, Lilly repeats and realleges each and every admission, denial, averment and statement in Paragraphs 1 through 76 of this Answer with the same force and effect as though set forth here in full.

78. Lilly denies each and every allegation contained in Paragraph 78 of Plaintiffs' Complaint.

79. Lilly denies each and every allegation contained in Paragraph 79 of Plaintiffs' Complaint.

80. Lilly denies each and every allegation contained in Paragraph 80 of Plaintiffs' Complaint.

US_ACTIVE-103044540.3

- 12 -

Answer, Affirmative Defenses And Jury Demand Of Defendant Eli Lilly And Company

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    Lilly denies that Plaintiffs are entitled to recover any relief requested in Plaintiffs' Prayer,

2  or any relief whatsoever.

3

4                            **FIFTH CAUSE OF ACTION**

5

6    81.    With respect to the allegations contained in Paragraph 81 of Plaintiffs' Complaint,

7  Lilly repeats and realleges each and every admission, denial, averment and statement in

8  Paragraphs 1 through 80 of this Answer with the same force and effect as though set forth here in

9  full.

10

11    82.    Lilly denies each and every allegation contained in Paragraph 82 of Plaintiffs'

12  Complaint.

13

14    83.    Lilly admits that Byetta® is safe and effective when used in accordance with its

15  FDA-approved labeling.  Lilly denies each and every remaining allegation contained in Paragraph

16  83 of Plaintiffs' Complaint.

17

18    84.    Lilly denies each and every allegation contained in Paragraph 84 of Plaintiffs'

19  Complaint.

20

21    85.    Lilly denies each and every allegation contained in Paragraph 85 of Plaintiffs'

22  Complaint.

23

24    86.    Lilly denies each and every allegation contained in Paragraph 86 of Plaintiffs'

25  Complaint.

26

27

28
                                    - 13 -

US_ACTIVE-103044540.3

Lilly denies that Plaintiffs are entitled to recover any relief requested in Plaintiffs' Prayer, or any relief whatsoever.

## SIXTH CAUSE OF ACTION

87.     With respect to the allegations contained in Paragraph 87 of Plaintiffs' Complaint, Lilly repeats and realleges each and every admission, denial, averment and statement in Paragraphs 1 through 80 of this Answer with the same force and effect as though set forth here in full.

88.     Lilly denies each and every allegation contained in Paragraph 88 of Plaintiffs' Complaint.

89.     Lilly admits that Byetta® is safe and effective when used in accordance with its FDA-approved labeling.  Lilly denies each and every remaining allegation contained in Paragraph 89 of Plaintiffs' Complaint, including subparts a-g.

90.     Lilly denies each and every allegation contained in Paragraph 90 of Plaintiffs' Complaint.

91.     Lilly denies each and every allegation contained in Paragraph 91 of Plaintiffs' Complaint.

92.     Lilly denies each and every allegation contained in Paragraph 92 of Plaintiffs' Complaint.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

US_ACTIVE-103044540.3

Answer, Affirmative Defenses And Jury Demand Of Defendant Eli Lilly And Company

Lilly denies that Plaintiffs are entitled to recover any relief requested in Plaintiffs' Prayer, or any relief whatsoever.

WHEREFORE, Lilly prays for judgment as follows:

1.  That Plaintiffs take nothing by their Complaint;

2.  That the Court enter judgment dismissing the Complaint against Lilly, with prejudice;

3.  That the Court award Lilly its reasonable expenses and costs incurred in the defense of Plaintiffs' Complaint; and

4.  That the Court grant Lilly such relief as the Court may deem proper.

## JURY DEMAND

Pursuant to Rule 38, Federal Rules of Civil Procedure, Lilly hereby demands a trial by jury.

## AFFIRMATIVE DEFENSES

1.  The Complaint fails to state a claim upon which relief can be granted against Lilly.

2.  Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

US_ACTIVE-103044540.3

Answer, Affirmative Defenses And Jury Demand Of Defendant Eli Lilly And Company

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

3.     To the extent Plaintiffs base their claim for strict products liability upon a design defect theory, and to the extent California law controls, such a claim is barred by California law, which holds that a pharmaceutical manufacturer's liability for a defectively designed drug shall not be measured by the standards of strict liability.  *Brown v. Superior Court (Abbott Laboratories)*, 44 Cal. 3d 1049, 1061 (1988); *see also Armstrong v. Optical Radiation Corp.*, 50 Cal. App. 4th 580, 595 (1996); *Hufft v. Horowitz*, 4 Cal. App. 4th 8, 13-17 (1992).

4.     Some or all of Plaintiffs' claims are barred by the learned intermediary and/or sophisticated user doctrines.  At all relevant times herein, Plaintiffs' prescribing physicians were in the position of learned intermediaries and/or sophisticated purchasers, fully knowledgeable and informed with respect to the risks and benefits of BYETTA.

5.     The injuries, damages, and losses alleged in the Complaint, none being admitted, were caused in whole or in part by the negligence of the Plaintiffs and/or others, over whom Lilly exercised no control, had no opportunity to anticipate or right to control, and with whom Lilly had no legal relationship by which liability could be attributed to it because of the actions of the Plaintiffs and/or others, which, by comparison was far greater than any conduct alleged as to Lilly.

6.     Plaintiffs' alleged loss, damage, injury, harm, expense, diminution, or deprivation alleged, if any, was caused in whole or in part by Plaintiffs' failure to exercise reasonable care and diligence to mitigate their alleged damages.

7.     Plaintiffs' claims are barred in that BYETTA was designed, manufactured and labeled in a manner consistent with the state of the art at the pertinent time.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- 16 -

US_ACTIVE-103044540.3

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

8.      Plaintiffs' claims are preempted by federal law in that BYETTA was approved by the FDA.  The granting of the relief prayed for in Plaintiffs' Complaint would impede, impair, frustrate, or burden the effectiveness of such federal law and would violate the Supremacy Clause (Art. VI, cl. 2) of the United States Constitution.

9.      Some or all of Plaintiffs' claims are barred by the doctrines concerning unavoidably unsafe products, including, but not limited to, the operation of comments j and k to Section 402A of the RESTATEMENT (SECOND) OF TORTS and/or barred by the RESTATEMENT (THIRD) OF TORTS

10.      Plaintiffs' breach of warranty claims are barred because there is no privity of contract between Plaintiffs and Lilly; Plaintiffs failed to give timely notice of any alleged breach of warranty to Lilly; Plaintiffs did not reasonably rely upon any alleged warranty; Plaintiffs failed to satisfy all conditions precedent or subsequent to the enforcement of such alleged warranty; and the alleged warranty was appropriately disclaimed, excluded, or modified.

11.      Plaintiffs' claims are barred in whole or in part by the applicable provisions of the United States Constitution, the California Constitution, should it apply, and/or the applicable Constitution of any other State or Commonwealth of the United States whose laws might be deemed controlling in this case.  These provisions include, but are not limited to, the First Amendment to the Constitution of the United States and/or Article I, Section 2 of the Constitution of the State of California because Lilly's commercial speech regarding BYETTA was neither false nor misleading.

12.      Lilly alleges that Plaintiffs were fully informed of the risks of the use of the product made the subject of this action by the treating physician(s), and the informed consent given by Plaintiffs is pleaded as an affirmative defense.

- 17 -

US_ACTIVE-103044540.3

Answer, Affirmative Defenses And Jury Demand Of Defendant Eli Lilly And Company

13.     Plaintiffs' claims are barred and/or this Court should defer this matter, in whole or in part, pursuant to the doctrine of primary jurisdiction, in that the FDA is charged under the law with regulating prescription drugs, including BYETTA, and is specifically charged with determining the content of the warnings and labeling for prescription drugs.

14.     To the extent Plaintiffs' claims are based on alleged misrepresentations made to the FDA, such claims are barred pursuant to *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341 (2001).

15.     Plaintiffs' purported allegations of misrepresentation fail to state a cause of action as a matter of law because, among other deficiencies, Plaintiffs fail to plead with specificity any false misrepresentation as to a material fact and/or reliance on the part of Plaintiffs upon any such material fact.

16.     The injuries or damages alleged by Plaintiffs can be attributed to several causes and, accordingly, should be apportioned among the various causes according to the respective contribution of each such cause to the harm sustained, if any.

17.     Any verdict or judgment rendered against Lilly must be reduced by those amounts that have been, or will, with reasonable certainty, replace or indemnify Plaintiffs, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, worker's compensation, or employee benefit programs.

18.     The proximate cause of Plaintiffs' alleged injuries was a modification or alteration of the products at issue, which was not reasonably expected by Lilly. Any injuries or expenses incurred by Plaintiffs were not caused by Lilly, but may have been proximately caused, in whole

- 18 -

US_ACTIVE-103044540.3

Answer, Affirmative Defenses And Jury Demand Of Defendant Eli Lilly And Company

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

or part, by the unforeseen alteration, unintended use, misuse or abuse of the products referenced in Plaintiffs' Complaint.

19.     Plaintiffs' claims against Lilly are barred because Plaintiffs knowingly and voluntarily assumed and/or incurred the risk of injury and Plaintiffs' claims are barred or should be reduced under the principles of assumption of risk, informed consent, and/or knowledgeable user.

20.     Based on the scientific, medical, and technological knowledge existing at the time BYETTA was allegedly ingested by Plaintiffs, it was reasonably safe for its normal and foreseeable use at all relevant times, or in light of existing reasonably available medical, scientific, and technological knowledge.

21.     In the unlikely event that Lilly is found liable to the Plaintiffs, Lilly is entitled to a credit or offset for any and all sums that Plaintiffs have received or may hereafter receive by way of any and all settlements arising from Plaintiffs' claims and causes of action.  Lilly alternatively asserts its right to a proportionate reduction of any damages based on comparative fault or the percentage of negligence attributable to Plaintiffs or to any settling tortfeasor under California law, if applicable, and/or the laws of any other State or Commonwealth of the United States whose laws might be deemed controlling in this case.

22.     Under California Civil Code § 1431.2, and/or similar provisions of any other State or Commonwealth of the United States whose laws might be deemed controlling in this case, the liability of each defendant for non-economic damages shall be several only and shall not be joint. Each defendant shall be liable only for the amount of non-economic damages allocated to that defendant in direct proportion to that defendant's percentage of fault, and a separate judgment shall be rendered against that defendant for that amount.

US_ACTIVE-103044540.3

Answer, Affirmative Defenses And Jury Demand Of Defendant Eli Lilly And Company

23. Venue is incorrect and improper in this judicial district.

24. Lilly asserts that choice of law rules should determine which jurisdiction's laws govern this case, and expressly reserves the right to supplement this answer with any defenses that may be available to it under the law of the jurisdictions determined to apply to it in accordance with choice of law rules.

25. The Plaintiffs' alleged loss, damage, injury, harm, expense, diminution, or deprivation alleged, if any, resulted from independent, unforeseeable, superseding, and/or intervening causes unrelated to any conduct of Lilly.

26. Plaintiffs' claim for negligent failure to warn is barred because Plaintiffs or their physicians knew or had reason to know of the risks of BYETTA.

27. Plaintiffs' claims are barred because BYETTA was not unreasonably dangerous for its ordinary and foreseeable use.

28. Plaintiffs' claims are barred because there was no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended use of BYETTA.

29. Any conduct on the part of Defendants allegedly causing Plaintiffs' alleged injuries was not a substantial cause or factor or actual injury or damage, if any.

30. To the extent Texas law applies, Plaintiffs' claim for punitive damages cannot be sustained. To recover punitive damages under Texas law, Plaintiffs must establish an actual or constructive intent to harm based on conscious indifference to the creation of a high probability of

US_ACTIVE-103044540.3

Answer, Affirmative Defenses And Jury Demand Of Defendant Eli Lilly And Company

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    harm. Any intent to injure, actual or constructive is completely absent in this suit. Further, an

2    award of punitive damages under Texas law without proof of every element by "clear and

3    convincing evidence" violates the due process clause of the Fourteenth Amendment of the United

4    States Constitution, the Texas Constitution, and the Texas Civil Practice and Remedies Code.

5

6          31.     To the extent Texas law applies, some or all of Plaintiffs' claims are barred by

7    operation of Tex. Civ. Prac. & Rem. Code § 82.007(a). Tex. Civ. Prac. & Rem. Code §

8    82.007(b)(1) is preempted by federal law.

9

10         32.     To the extent Illinois law applies, Plaintiffs may be barred from bringing an action

11    pursuant to the Illinois Consumer Fraud and Deceptive Practices Act because the actions or

12    transactions at issue where authorized by laws administered by a regulatory body or officer acting

13    under statutory authority of the United States. 815 ILCS 505/10b(1).

14

15         33.     To the extent Michigan law applies, Plaintiffs' claims are barred pursuant to the

16    provisions of MCL § 600.2946(5).

17

18         34.     To the extent Michigan law applies, Plaintiffs' claims are barred, in whole or at

19    least in part, by the limitation on damages established by MCL § 600.2946a(1).

20

21         35.     To the extent Michigan law applies, Plaintiffs' claims are barred, in whole or at

22    least in part, by PA 495 of the Public Acts of 1978 (MCL § 600.2945 et seq.), commonly known

23    as the Products Liability Statutes.

24

25         36.     To the extent South Carolina law applies, Plaintiffs' claims are barred, in whole or

26    at least in part, because Plaintiffs unreasonably continued their alleged use of Byetta after they

27    became aware of the alleged side effects. S.C. Code Ann. §§ 15-73-20, -30 (2005).

28

- 21 -

US_ACTIVE-103044540.3

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   37.    Plaintiffs may have failed to join all indispensable parties, in which case it may not

2   be possible to accord complete relief to the parties that are already parties to this action and

3   Plaintiffs' failure to join all indispensable parties could result in prejudice.

4

5   38.    Lilly hereby specifically denies any allegations contained in Plaintiffs' Complaint

6   which are not expressly admitted.

7

8   39.    Lilly satisfied all applicable legal duties of care.

9

10       Lilly reserves the right to interpose further defenses to which it may be entitled as

11  revealed by further proceedings and reserves the right to amend its answer to assert any such

12  defense.

13

14  DATED:  February 8, 2010.                     REED SMITH LLP

15

16                                                By _____/s/_____

17                                                   Janet Kwuon
                                                     David E. Stanley
                                                     Attorneys for Defendant
18                                                   Eli Lilly and Company, a Corporation

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- 22 -

US_ACTIVE-103044540.3

Answer, Affirmative Defenses And Jury Demand Of Defendant Eli Lilly And Company

**PROOF OF SERVICE**

I am a resident of the State of Califronia, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA 900071-1514. On February 8, 2010, I served the following document(s) by the method indicated below:

**ANSWER, AFFIRMATIVE DEFENSES AND
JURY DEMAND OF DEFENDANT ELI LILLY AND COMPANY**

☐ by transmitting via facsimile on this date from fax number +1 213 457 8080 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 PM and was reported complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Ca1.R.Ct 2.306.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

☐ by transmitting via email to the parties at the email addresses listed below:

☒ electronically via CM/ECF, on the recipients designated on the Transaction Receipt located on the CM/ECF website.

**See attached Service List**

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on February 8, 2010, at Los Angeles, California.

*Gilda S. Anderson*

Gilda S. Anderson

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

US_ACTIVE-103037828.1-GSANDERS

**SERVICE LIST**

| | |
|---|---|
| Thomas P. Cartmell<br>Brian J. Madden<br>Thomas J. Preuss<br>WAGSTAFF & CARTMELL LLP<br>4740 Grand Ave., Suite 300<br>Kansas City, MO  64114<br>Ph: 816.701.1100<br>Fax: 816.531.2372<br>tartmell@wcllp.com<br>bmadden@watstaffcartmell.com<br>tjpreuss@wcllp.com<br>***Attorneys for Plaintiffs*** | J. Paul Sizemore<br>Jennifer Lenze<br>SIZEMORE TAYLOR LLP<br>1601 N. Sepulveda Blvd., #644<br>Manhattan Beach, CA  90266<br>Ph: 310.826.1600<br>paul@sizemoretaylor.net<br>lenze@sizemoretaylor.net<br>***Attorneys for Plaintiffs*** |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

US_ACTIVE-103037828.1-GSANDERS