UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANNA ALLEN, *et al.*, | Civil No. 10cv141 L(CAB) |
| Plaintiffs, | **ORDER DENYING MOTION TO REMAND** [doc. #10] |
| v. | |
| ELI LILLY AND COMPANY, *et al.*, | |
| Defendants. | |

Plaintiffs' move to remand this action under 28 U.S.C. § 1447(c) contending that because two defendants are citizens of the state in which the action was brought, removal was improper. Defendants oppose the motion. For the reasons set forth below, plaintiffs' motion will be denied.

**A.   Discussion**

   **1.   Background**

On January 11, 2010, plaintiffs filed their complaint in the Superior Court for the State of California, County of San Diego. Plaintiffs named three defendants – Eli Lilly and Company; Amylin Pharmaceuticals, Inc.; and McKesson Corporation – and 15 "Doe" defendants. As alleged in the complaint, Amylin and McKesson are citizens of California.

Defendant Eli Lilly filed a notice of removal based on complete diversity of the parties. It is undisputed that at the time of the removal, neither Amylin nor McKesson had been served.

Lilly is a citizen of Indiana, Amylin is a citizen of both Delaware and California, and McKesson is a citizen of both Delaware and California.  None of the plaintiffs is a citizen of Indiana, Delaware or California.  But plaintiffs argue that because two of the defendants are citizens of the forum state, removal was improper.  Defendant contend that although Amylin and McKesson are forum defendants, *i.e.,* citizens of California for diversity purposes, the "local defendant rule" set forth in 28 U.S.C. § 1441(b) does not bar removal because removal was accomplished before service of any local defendant.

### 2. Legal Basis for Removal

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree.  It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).  "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. §1441(a).  "The district courts shall have original jurisdiction of all civil actions whether the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).  Section 1441(b) limits the right of removal to situations where "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. University of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is

proper." *Gaus*, 980 F.2d at 566; *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380.  "The traditional rule of burden allocation in determining removal jurisdiction was meant to comport with what the Supreme Court has termed '[t]he dominant note in the successive enactments of Congress relating to diversity jurisdiction,' that is, 'jealous restriction, of avoiding offense to state sensitiveness, and of relieving the federal courts of the overwhelming burden of business that intrinsically belongs to the state courts in order to keep them free for their distinctive federal business.'" *Abrego Abrego*, 443 at 685, quoting *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76 (1941).

### 3. Local Defendant Rule

In seeking remand, plaintiffs argue that the removal was improper under the local defendant rule, set forth in 28 U.S.C. § 1441(b).   Section 1441(b)

> imposes a limitation on actions removed pursuant to diversity jurisdiction: "such action[s] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

*Spencer v. U.S. Dist. Ct. N.D. Cal. (Altec Indus., Inc.)*, 393 F.3d 867, 870 (9th Cir. 2004) (quoting 28 U.S.C. § 1441(b)).  "[T]he presence of a local defendant at the time removal is sought bars removal." *Id.*  Plaintiffs contend that the court must consider all the named defendants in an action to determine whether removal is appropriate under the local defendant rule and not whether the local defendants have been served.  According to plaintiffs, to permit the first-served defendant to remove a case because the resident defendants have not yet been served would allow §1441(b) to be circumvented.

Defendant Eli Lilly argues that the clear language of § 1441(b) allows for removal: removal is proper if "none of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(emphasis added).  In other words, Lilly argues the local defendant rule applies only after the local defendant has been properly joined and served.  Because neither Amylin nor McKesson had been served at the time of removal and complete diversity exists in this action, defendant contends removal was appropriate under the local defendant rule.

The forum defendant rule is inapplicable if the removal is effected by an out-of-state

defendant before any local defendant is served. *See Spencer v. U.S. Dist. Court for Northern Dist. of Ca.*, 393 F.3d 867, 871(2004) (joinder of local but diverse defendant after removal does not require remand); accord SCHWARZER, TASHIMA AND WAGSTAFFE, CALIF. PRACTICE GUIDE: FED. CIV. PROC. BEFORE TRIAL ¶ 2.627 at 2D-22 (TRG 2008) (defendant may remove action so long as no local defendant has been served).

It is undisputed that plaintiffs had not served Amylin or McKesson when Eli Lilly removed the action. The forum defendant rule of 28 U.S.C. § 1441(b) is only applicable at the time a notice of removal is filed. Accordingly, the presence of Amylin and McKesson as local defendants did not preclude removal jurisdiction. Because no local defendant was a party to the action at the time of removal and complete diversity of the parties continues to exist after the local defendants, Amylin and McKesson, were or are served and made parties, removal of the action was proper.

Based on the foregoing, plaintiffs' motion to remand is **DENIED**.

**IT IS SO ORDERED.**

DATED: September 2, 2010

M. James Lorenz
United States District Court Judge

COPY TO:

HON. CATHY ANN BENCIVENGO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL